## Jonasson, Appellant, *v.* Paul.

*Justice of the peace—Amendment of name—Judgment—Transcript—Scire facias—Fieri facias—Execution.*

Where a judgment is entered against a defendant by a justice of the peace, and subsequently a scire facias is issued to amend the name of the defendant so as to bring in the real party, but the writ is not served upon the real party, and thereafter without any judgment having been entered on the scire facias against the real defendant, a transcript of the justice's record is filed in the common pleas and a fieri facias is issued thereon, the defendant named as the real party is entitled to have the execution stayed inasmuch as there was no judgment against him on the scire facias.

Argued May 2, 1910.  Appeal, No. 41, April T., 1910, by plaintiff, from order of C. P. Cambria Co., Sept. T., 1908, No. 77, staying execution and striking off judgment in case of O. F. Jonasson & Co. v. Joseph L. Paul.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ.  Affirmed.

Motion to stay execution and strike off judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*J. F. McKendrick,* for appellant, cited Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431; Dailey v. Gifford, 12 S. & R. 72; France v. Ruddiman, 126 Pa. 257; O'Hara v. Baum, 82 Pa. 416; O'Donnel v. Seybert, 13 S. & R. 54.

*W. A. McGuire,* for appellee.

OPINION BY BEAVER, J., March 3, 1911:

The facts in this case are somewhat involved, and a clear understanding of them is necessary to a right conclusion.  In order to this, it is necessary to resort to the books of both appellant and appellee, and particularly to the opinion of the court upon which the striking off of the judgment of the plaintiff against the defendant, entered upon an alleged transcript of the docket of the justice, was ordered.

On October 17, 1907, the plaintiffs, O. F. Jonasson & Co., incorporated, brought their action of assumpsit against Dr. J. A. Paul.  A summons was regularly issued and placed in the hands of a constable, who returned it as having been served upon the within named Dr. J. A. Paul personally, in pursuance of which judgment was regularly entered by default against the defendant for $109.45.

On November 12, 1907, an execution was issued upon the said judgment, and upon the sixteenth of the same month the constable returned the execution unexecuted.

Upon November 25, 1907, the plaintiff directed a writ

of scire facias to be issued, and suggested the amendment of Joseph L. Paul, alias Dr. J. A. Paul, as the defendant and same person. The amendment was allowed and writ of scire facias issued.

These facts all appear in the transcript of the justice of March 4, 1908, as entered in the court of common pleas of Cambria county upon the same day. This transcript, therefore, as entered, shows upon its face that no final judgment was entered by the justice of the peace in the case pending before him, a writ of scire facias, in order presumably to give notice to the real party defendant, whose name had been suggested by way of amendment, having been issued upon the judgment originally entered.

In this condition of the record before the justice, as appears by his transcript, we assume that it would have been entirely proper, upon application by the defendant, to have had the judgment stricken off for reasons appearing upon the transcript itself. No such application, however, was made, and later a writ of fieri facias in the common pleas was issued and a levy made upon property of Dr. Joseph L. Paul.

There is nothing in the record to show that the defendant, Dr. Joseph L. Paul, had notice of the amendment or was in any way regularly brought upon the record.

The first section of the Act of May 12, 1887, P. L. 96, authorizes justices of the peace "in all actions pending or hereafter to be brought before them, in any stage of the proceedings, before final judgment, on reasonable notice, to grant a hearing and permit amendments by changing or altering the Christian or surname of any party plaintiff or defendant, whenever it shall be made to appear, upon due proof, that a mistake or omission has been made in the Christian or surname of any party, plaintiff or defendant." Here, however, the amendment was attempted to be made after judgment was entered and without notice, so far as the record shows, to the defendant. We assume, therefore, that the scire facias was issued for the purpose of giving notice to the defendant, but the record

shows that judgment was entered against one Dr. J. A. Paul and not against Joseph L. Paul, the scire facias being, at the time of the transcript, pending against Joseph L. Paul. There was, therefore, no judgment against Joseph L. Paul upon which a fieri facias could issue.

In this condition of the record, the defendant, Joseph L. Paul, presented his petition to the court of common pleas, asking to have the writ of fieri facias stayed and the judgment upon which it was issued stricken off. Upon the hearing of this petition, to which an answer was duly filed, it appeared that the case was further complicated by a hearing before the justice upon the scire facias shown to be pending by the transcript and a judgment entered in favor of the defendant and against the plaintiff, for $64.50. The plaintiff obtained a writ of certiorari, which upon hearing was sustained and the judgment set aside. The certiorari was issued by the court of common pleas in which the transcript had been entered and the return thereto contained the record in full, including what was embraced in the transcript which had been entered and the subsequent proceedings therein. It is, therefore, apparent that no final judgment was actually in existence after this decree of the court of common pleas in the case pending before the justice.

The facts were fully set forth in the petition of the defendant, and are clearly shown by the transcript upon which judgment was entered in the common pleas and the return to the writ of certiorari, in which all the proceedings were set forth, as printed in the paper-book of the appellee.

The petition of the attorney of Dr. Paul to Judge SAVIDGE, specially presiding in the court of common pleas of Cambria county, sets forth that on "December 3, 1907, the law bearing on the question as to the right of plaintiff to secure judgment against a defendant who had been so made a party to the record (by a suit against a defendant bearing a different name) in a scire facias proceeding, without according him an opportunity to make his de-

fense, was discussed by and between opposing counsel, with the result that an agreement was entered into in writing between counsel to the effect that, if Dr. Joseph L. Paul, the real defendant (not J. A. Paul), would waive all questions of practice and appear personally, and satisfy the justice that he had a just and legal defense to said claim, and submit to a hearing of the case on its merits, that the justice may open the judgment and proceed to hear the case de novo."

It also appeared that, in pursuance of said agreement, after continuance and a rule to take testimony had been issued, the justice finally, on December 19, 1907, at the hearing of the case de novo, as fixed at the suggestion of counsel for plaintiff, entered judgment against the plaintiff and in favor of the defendant for $64.50 and costs.

It appears from the opinion of the court that, upon the hearing of the certiorari above referred to, the judgment was reversed, the decision therein being based "on the fact that the record did not show that the justice heard testimony to support the claim of the defendant."

On December 7, 1908, the court below made the following order: "The order staying writ of execution heretofore entered is made permanent and judgment stricken off at the costs of the plaintiff." From this, as also from an order of the court refusing to vacate the order above recited, the appeal is taken, and both of the orders are assigned for error.

It is clearly apparent from what has been already stated that no error was committed by the court below: First, because it appears by the transcript entered by the plaintiff that no judgment was then in force against the defendant, a scire facias having been issued which was then pending and undetermined; and, second, that in a writ of certiorari taken by the plaintiff, the final judgment in the case was reversed and set aside, because it did not appear in the record that the testimony upon which judgment was based was heard by the justice. This, of course, left the record in the same condition, without a final judgment.

It would seem, therefore, from the entire record of which the court, of course, could take judicial notice, being before it in its entirety, that the conclusion of the court below is entirely correct and, as said by the judge, "If there be merit in the case of the plaintiff, he has his remedy before the justice, but not in this proceeding before this court."

The order of the court below, is, therefore, affirmed and the appeal dismissed at the costs of the appellant.